**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ACCELERANT SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SECOND NATURE BRANDS, INC.; and SECOND NATURE INSURANCE SERVICES, LLC;<br><br>Defendants. | Case No.: ________________ |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Plaintiff, ACCELERANT SPECIALTY INSURANCE COMPANY (“Accelerant”), by and through undersigned counsel, and hereby sues the Defendants SECOND NATURE BRANDS, INC. (“Second Nature Brands”) and SECOND NATURE INSURANCE SERVICES, LLC (“SNIS” and, together with Second Nature Brands, “Second Nature” or “Defendants”) and in support thereof, alleges as follows:

## NATURE OF THE ACTION

1. In this insurance coverage dispute, Accelerant seeks a declaration that no coverage is available for the Defendants under Professional Liability Policy No. S0004PL00191000 (the “Policy”) for the claim asserted in the class action complaint filed against Defendants in *Best, et al. v. Second Nature Brands, Inc. et al.*, Case No. 1:24-cv-01799 (D.D.C.) (the “*Best* Action”), alleging fraudulent and unlawful billing of mandatory fees to residential tenants by Defendants, among others. No coverage is available under the Policy for the *Best* Action because it does not allege any negligent act, error, or omission by Second Nature, as is required to trigger the Policy’s insuring agreement, and because coverage is barred by an exclusion for any claim based upon or arising out of any actual or alleged false, deceptive, or unfair trade practices or deceptive or

misleading advertising. Consequently, Second Nature is not entitled to a defense or indemnity coverage under the Policy.

**PARTIES**

1. Accelerant is a domestic surplus lines insurer organized and existing under the laws of the state of Arkansas, with its office and principal place of business located in the state of Georgia. Therefore, Accelerant is a citizen of Arkansas and Georgia for purposes of diversity jurisdiction.

2. Second Nature Brands is a Delaware corporation with its principal place of business located in Raleigh, North Carolina. Therefore, Second Nature Brands is a citizen of Delaware and North Carolina for purposes of diversity jurisdiction. Second Nature Brands was doing business in the District of Columbia at all relevant times.

3. SNIS, on information and belief, is a wholly owned subsidiary of Second Nature Brands. As an LLC, its citizenship is determined by that of its members. Because Second Nature Brands is the sole member and is a citizen of Delaware and North Carolina for diversity purposes, SNIS is also a citizen of Delaware and North Carolina for diversity purposes. SNIS was doing business in the District of Columbia at all relevant times.

**JURISDICTION & VENUE**

4. Subject matter jurisdiction is based upon 28 U.S.C. § 1332 and 28 U.S.C. § 2201 because the action involves citizens of different states, as alleged above in paragraphs 1 through 3, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. An actual controversy exists between the parties regarding coverage for the *Best* Action under the Policy.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

**THE POLICY**

7. Accelerant issued the Policy to Second Nature Brands for the **policy period** of May 2, 2023 to July 1, 2024. A true and correct copy of the Policy is attached as Exhibit 1. Terms in bold are defined in the Policy.

8. The Policy's Insuring Agreement provides that

> **We** will pay up to the **per claim limit** for **damages** and **claim expenses** in excess of the **retention** for covered **claims** against **you** alleging a negligent act, error, or omission in **your professional services** performed on or after the **retroactive date** provided the **claim** is first made against **you** during the **policy period** and is reported to **us** in accordance with Section V. **Your** obligations.

Ex. 1, Section II.

9. Section I provides that the following are the parties to the Policy:

> **A.** The Insurer identified on the Declarations as issuing this policy. When used in this policy, the terms **us**, **we** and **our** refers to the Insurer identified on the Declarations as issuing this policy, and
>
> **B.** An **Insured**. When used in this policy, the terms **you** and **your**, also refers to an **insured.**

Ex. 1, Section I.

10. Section VI.B1 of the Policy provides that

> **We** will have no obligation to pay any sums under this policy, including any damages or claim expenses, for any claim:
>
> **1. Antitrust and deceptive trade practices**
>
> Based upon or arising out of any actual or alleged:
>
> **a.** False, deceptive, or unfair trade practices,
>
> **b.** Unfair competition, impairment of competition, restraint of trade,

> or antitrust violations,
>
> **c.** Violation of the Sherman Anti-Trust Act, the Clayton Act, the Robinson-Patman Act, all including as may be amended, or any similar federal, state, or local statutes, rules, or regulations in or outside the U.S., or
>
> **d.** deceptive or misleading advertising.

Ex. 1, Section VI.B.1.

11. The Policy defines **claim** to mean

> any written assertion of liability or any written demand for financial compensation or non- monetary relief.

Ex. 1, Section X.E.

12. The Policy defines **Professional services** to mean

> the services scheduled in Item **9.** of the Declarations that are provided by **you** to a third party for a fee or other consideration, including such services that are performed electronically using the Internet or a network of two or more computers.
>
> **Professional services** also includes:
>
> 1. The provision of **technology services** performed in conjunction with any other **professional services**,
>
> 2. Services as a member of a formal accreditation, ethics, peer review, standards, or licensing board, if performed with the knowledge and consent of the **Named Insured.**

Ex. 1, Section X.S.

13. Item 9 of the Policy's Declarations provides that the specified **Professional Services** are "Residents' concierge services." Ex. 1, Declarations, Item 9.

## THE *BEST* ACTION & THE COVERAGE DISPUTE

14. The *Best* Action initially was filed in the Superior Court for the District of Columbia on April 29, 2024, and was removed to the United States District Court for the District

of Columbia on June 21, 2024.

15. The *Best* Action is a putative class action filed by Elisabeth Best, Jenna Bucklew, Rachal Irias, and Cassandra Stephan (the "Underlying Plaintiffs").

16. The *Best* Action names as defendants Second Nature Brands and SNIS, among others.

17. In the *Best* Action, the Underlying Plaintiffs allege that Second Nature set up a "fraudulent scheme," creating a program for landlords and property managers that allows them to charge tenants mandatory fees in addition to monthly rent.

18. The Underlying Plaintiffs further allege that Second Nature designed the program to provide an "ancillary revenue opportunities" to landlords and property managers, enabling them to effectively push the costs of maintaining their properties to tenants.

19. Moreover, the Underlying Plaintiffs allege that the program involves a "resident benefits package," for which tenants are required to pay mandatory fees to cover insurance, HVAC filters, and access to an online portal to pay rent.

20. The Underlying Plaintiffs also allege that the package does not actually benefit or provide any value to the residents, noting among other things that the insurance covered the landlords and property managers and that HVAC filters are the responsibility of the landlord under District of Columbia law (and, in any event, were never provided to plaintiffs).

21. As to insurance, in particular, the Underlying Plaintiffs allege that they leased the property located at 1934 1st Street NW, Washington, DC, which burned down on August 28, 2023.

22. The Underlying Plaintiffs allegedly had been enrolled in the resident benefits package offered by Second Nature, for which they were charged $45.95 per month. The Underlying Plaintiffs allege that after the fire, they submitted an insurance claim and learned for

the first time that the insurance provided through the benefits package "was not actually renter's insurance as had been represented to them," but rather a landlord/property management protection policy that included $10,000 of coverage for personal property total for the renters.

23. The Underlying Plaintiffs contend that because defendants had represented to them that the resident benefits package included renter's insurance, they did not obtain a separate renter's insurance policy to cover their personal belongings.

24. The Underlying Plaintiffs assert a cause of action against all defendants for violation of D.C. Code § 42-350211a, which prohibits a housing provider from imposing unapproved mandatory service fees.

25. As to Second Nature, Underlying Plaintiffs contend that Second Nature is directly liable under the statute and vicariously liable for enabling, aiding and abetting the landlords and property managers in violating the statute.

26. The Underlying Plaintiffs also assert a cause of action against all defendants for unlawful trade practices under the District of Columbia Consumer Protection Procedures Act ("DCCPA").

27. For relief, the Underlying Plaintiffs seek on behalf of themselves and other similarly situated residential tenants unspecified compensatory damages, statutory damages, trebled damages, punitive damages and fees and costs, as well as certain injunctive relief.

28. Second Nature sought coverage from Accelerant under the Policy for the *Best* Action.

29. In correspondence dated July 8, 2024, Accelerant advised that no coverage was available for the *Best* Action for several reasons. A true and correct copy of the July 8, 2024 coverage correspondence is attached as Exhibit 2.

30. First, Accelerant advised that, in the absence of an allegation of negligent conduct, the Policy's insuring agreement is not triggered by the *Best* Action.

31. Second, Accelerant advised that Exclusion B.1 barred coverage for the *Best* Action, as it precludes coverage for any claim "[b]ased upon or arising out of any actual or alleged . . . false, deceptive or unfair trade practices, . . . or . . . deceptive or misleading advertising."

32. Second Nature responded in a letter dated August 30, 2024, asking Accelerant to reconsider its position and arguing that Accelerant's duty to defend is triggered by the *Best* Action. A true and correct copy of the August 30, 2024 letter is attached as Exhibit 3.

33. On September 13, 2024, the Underlying Plaintiffs filed a First Amended Complaint ("FAC"). The allegations in the FAC largely mirror those asserted in the Underlying Plaintiffs' original complaint. A true and correct copy of the FAC is attached as Exhibit 4.

34. Accelerant responded in a letter dated September 25, 2024, advising that it had considered the points raised in Second Nature's letter, as well as allegations asserted in the FAC, and advised that it had determined that its initial conclusion was correct and that the Policy does not afford coverage for the *Best* Action. A true and correct copy of the September 25, 2024 coverage correspondence is attached as Exhibit 5.

## COUNT I

### Declaratory Judgment That Coverage Is Barred Due to the Absence of Any Allegation of a "Negligent Act, Error or Omission"

35. Accelerant incorporates and realleges the allegations set forth in allegations 1 through 34 of its Complaint.

36. The Policy's Insuring Agreement provides that, with certain specified limitations, Accelerant will pay damages and claims expenses in excess of the retention for covered claims against the insured alleging a negligent act, error, or omission in its professional services.

37. The *Best* Action does not allege or seek relief on account of any negligent act, error, or omission by Second Nature.

38. The *Best* Action involves only allegations against Second Nature of intentional and fraudulent conduct.

39. The Underlying Plaintiffs allege that Second Nature devised a "fraudulent scheme" to provide landlords and property managers with the ability to charge impermissible and unlawful ancillary fees to their tenants.

40. The *Best* Action further alleges that Second Nature conspired with other defendants to defraud tenants and "operated as part of a joint venture with one another for the common purpose of bilking District of Columbia residents out of money."

41. Such allegations are outside the scope of the Policy's insuring agreement.

42. As a result, no coverage is available for the *Best* Action.

43. Accelerant is therefore entitled to a declaration that it does not owe any coverage to Second Nature in connection with the *Best* Action.

**COUNT II**

**Declaratory Judgment that Coverage Is Barred Based on Exclusion B.1**

44. Accelerant incorporates and realleges the allegations set forth in allegations 1 through 43 of its Complaint.

45. Exclusion B.1 of the Policy provides that

> **We** will have no obligation to pay any sums under this policy, including any damages or claim expenses, for any claim:
>
> **1. Antitrust and deceptive trade practices**
>
> Based upon or arising out of any actual or alleged:
>
> **a.** False, deceptive, or unfair trade practices,

> **b.** Unfair competition, impairment of competition, restraint of trade, or antitrust violations,
>
> **c.** Violation of the Sherman Anti-Trust Act, the Clayton Act, the Robinson-Patman Act, all including as may be amended, or any similar federal, state, or local statutes, rules, or regulations in or outside the U.S., or
>
> **d.** deceptive or misleading advertising.

46. The *Best* Action alleges that Second Nature crafted the resident benefits package for the purpose of allowing landlords and property managers to defraud their tenants and charge them impermissible fees for illusory benefits.

47. In support of the Underlying Plaintiffs' cause of action for violation of the DCCPA, they further allege that Second Nature deceived them by misrepresenting the nature of the insurance provided.

48. These allegations fall squarely within the terms of Exclusion B.1.

49. As a result, no coverage is available for the *Best* Action.

50. Accelerant is therefore entitled to a declaration that it does not owe any coverage to Second Nature in connection with the *Best* Action.

## **PRAYER FOR RELIEF**

WHEREFORE, Accelerant respectfully requests that the Court enter judgment as follows:

A. Declare that no coverage is available under the Policy because, in the absence of an allegation of a negligent act, error, or omission, the Policy's insuring agreement is not triggered;

B. Declare that no coverage is available to Second Nature under the Policy because Exclusion B.1 precludes coverage;

C. Declare that Accelerant has no duty to defend or indemnify Second Nature Brands or

SNIS in connection with the *Best* Action; and

D. Award Accelerant any other relief to which it may be entitled.

Date: December 20, 2024

*/s/ Marc E. Rindner*
Marc E. Rindner (DC Bar No. 461250)
Bonnie J. Thompson (DC Bar No. 1028788)
LAVIN RINDNER DUFFIELD LLC
1717 K Street NW
Washington, DC 20006
mrindner@lrd.law
bthompson@lrd.law
(202) 759-1137

*Counsel for Accelerant Specialty Insurance Company*