**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Case No. 1:24-cv-03558**

| | |
|---|---|
| **ACCELERANT SPECIALTY INSURANCE COMPANY,**<br><br>**Plaintiff/Counterclaim Defendant,**<br><br>**v.**<br><br>**SECOND NATURE BRANDS, INC. and SECOND NATURE INSURANCE SERVICES, LLC,**<br><br>**Defendants/Counterclaim Plaintiffs,**<br><br>**v.**<br><br>**CERTAIN SUBSCRIBING MEMBERS AT LLOYD'S LONDON TO POLICY SUABA3619-2302,**<br><br>**Counterclaim Defendant.** | **ANSWER AND COUNTERCLAIM**<br>**(Jury Demand)** |

Defendants Second Nature Brands, Inc. ("SNB") and Second Nature Insurance Services, LLC ("SNI") (together, "Second Nature"), for their Answer to the Complaint of Plaintiff Accelerant Specialty Insurance Company ("Accelerant"), and their Counterclaim against Accelerant and Counterclaim Defendant Certain Subscribing Underwriters at Lloyd's London to policy SUABA3619-2302 ("Lloyd's"), state as follows:

## ANSWER

1. The Complaint contains two paragraphs numbered 1. This paragraph responds to both. For its answer to the first paragraph 1 of the Complaint, Second Nature admits this is a declaratory judgment action related to the referenced *Best v. Second Nature* lawsuit ("*Best*") for which Accelerant has a duty to defend Second Nature under the referenced professional liability

insurance policy that Accelerant issued to Second Nature in Raleigh, North Carolina (the "Accelerant Policy" or "Policy"). Second Nature denies the remaining allegations of the first paragraph 1 of the Complaint. Second Nature is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second paragraph 1 of the Complaint.

2. For its answer to paragraph 2 of the Complaint, SNB admits it is a Delaware corporation with its principal place of business in Raleigh, North Carolina, and that SNB conducts business in the District of Columbia. The balance of paragraph 2 of the Complaint is a legal conclusion to which no response is necessary.

3. For its answer to paragraph 3 of the Complaint, SSI admits it is a North Carolina limited liability company owned by SNB, that SNB is SNI's only member, and that SNI conducts business in the District of Colombia. The balance of paragraph 3 of the Complaint is a legal conclusion to which no response is necessary.

4. Second Nature admits the allegations of paragraph 4 of the Complaint.

5. For its answer to paragraph 5 of the Complaint, Second Nature admits that Accelerant wrongfully refused to defend Second Nature in *Best* and thereby breached its duty to defend as set forth in the Accelerant Policy. On this basis, Second Nature admits there is an actual controversy between the parties.

6. For its answer to paragraph 6 of the Complaint, Second Nature admits this District is technically a proper venue, although this action could have been brought in the United States District Court for the Eastern District of North Carolina and may be transferred to that District pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice.

7. For its answer to paragraph 7 of the Complaint, Second Nature admits the Accelerant

Policy was issued to Second Nature, in North Carolina, and that the period of the Accelerant Policy was May 2, 2023 to July 1, 2024. The terms of the Accelerant Policy, written by Accelerant, speak for themselves.

8. For its answer to paragraph 8 of the Complaint, Second Nature states that the terms of the Accelerant Policy, written by Accelerant, speak for themselves.

9. For its answer to paragraph 9 of the Complaint, Second Nature states that the terms of the Accelerant Policy, written by Accelerant, speak for themselves.

10. For its answer to paragraph 10 of the Complaint, Second Nature states that the terms of the Accelerant Policy, written by Accelerant, speak for themselves.

11. For its answer to paragraph 11 of the Complaint, Second Nature states that the terms of the Accelerant Policy, written by Accelerant, speak for themselves.

12. For its answer to paragraph 12 of the Complaint, Second Nature states that the terms of the Accelerant Policy, written by Accelerant, speak for themselves.

13. For its answer to paragraph 13 of the Complaint, Second Nature states that the terms of the Accelerant Policy, written by Accelerant, speak for themselves.

14. Second Nature admits the allegations of paragraph 14 of the Complaint.

15. Second Nature admits the allegations of paragraph 15 of the Complaint.

16. Second Nature admits the allegations of paragraph 16 of the Complaint.

17. For its answer to paragraph 17 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

18. For its answer to paragraph 18 of the Complaint, Second Nature states that the *Best*

pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

19. For its answer to paragraph 19 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

20. For its answer to paragraph 20 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

21. For its answer to paragraph 21 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

22. For its answer to paragraph 22 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

23. For its answer to paragraph 23 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

24. For its answer to paragraph 24 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

25. For its answer to paragraph 25 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

26. For its answer to paragraph 26 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

27. For its answer to paragraph 27 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

28. For its answer to paragraph 28 of the Complaint, Second Nature admits that it tendered *Best* to Accelerant to fulfill its duty to defend, but Accelerant wrongfully refused to defend thereby breaching the Accelerant Policy.

29. For its answer to paragraph 29 of the Complaint, Second Nature admits that Accelerant sent a letter dated July 8, 2024 in which Accelerant wrongfully denied its duty to defend *Best*, and also denied an indemnity obligation. Second Nature admits that Exhibit 2 to the Complaint is a correct copy of said letter, the contents of which speak for themselves.

30. For its answer to paragraph 30 of the Complaint, Second Nature admits that Accelerant sent a letter dated July 8, 2024 in which Accelerant wrongfully denied its duty to defend *Best*, and also denied an indemnity obligation. Second Nature admits that Exhibit 2 to the Complaint is a correct copy of said letter, the contents of which speak for themselves.

31. For its answer to paragraph 31 of the Complaint, Second Nature admits that Accelerant sent a letter dated July 8, 2024 in which Accelerant wrongfully denied its duty to defend *Best*, and also denied an indemnity obligation. Second Nature admits that Exhibit 2 to the Complaint is a correct copy of said letter, the contents of which speak for themselves.

32. For its answer to paragraph 32 of the Complaint, Second Nature admits it sent an August 30, 2024 letter to Accelerant detailing why Accelerant's denial of its duty to defend was wrongful, and giving Accelerant an opportunity to reconsider and acknowledge its duty to defend. The letter warned Accelerant that its failure to acknowledge its duty to defend at that time would estop Accelerant from denying indemnity coverage, thereby obligating Accelerant as a matter of law to pay the full amount of any settlement or judgment in *Best* up to the limits of the Accelerant Policy. Second Nature admits that Exhibit 3 to the Complaint is a correct copy of said letter, the contents of which speak for themselves.

33. Second Nature admits the allegations of paragraph 33 of the Complaint, meaning that the First Amended Complaint in *Best*, like the original Complaint, triggered Accelerant's duty to defend. Second Nature admits that Exhibit 4 to the Complaint is a correct copy of the First Amended Complaint in *Best*.

34. For its answer to paragraph 34 of the Complaint, Second Nature admits that it received from Accelerant a letter dated September 25, 2024, by which Accelerant reiterated its wrongful denial of its duty to defend *Best*. Second Nature admits that Exhibit 5 to the Complaint is a correct

copy of said letter, the contents of which speak for themselves.

**COUNT I**

35. Second Nature incorporates the contents of paragraphs 1 through 34.

36. For its answer to paragraph 36 of the Complaint, Second Nature states that the terms of the Accelerant Policy, written by Accelerant, speak for themselves.

37. Second Nature denies the allegations of paragraph 37 of the Complaint.

38. Second Nature denies the allegations of paragraph 38 of the Complaint.

39. For its answer to paragraph 39 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

40. For its answer to paragraph 40 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

41. For its answer to paragraph 41 of the Complaint, Second Nature states that the allegations in the *Best* pleadings, which speak for themselves, triggered Accelerant's duty to defend, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's indemnity coverage.

42. For its answer to paragraph 42 of the Complaint, Second Nature denies that Accelerant does not have a duty to defend Second Nature in *Best*, and states that indemnity coverage under

the Accelerant Policy cannot be determined until evidence is introduced at the trial of *Best*.

43. Second Nature denies the allegations of paragraph 43 of the Complaint, and states that Second Nature is entitled to a declaratory judgment that Accelerant has a duty to defend Second Nature in *Best.* The distinct issue of whether Accelerant has an indemnity obligation under the Accelerant Policy is not ripe, although Accelerant is estopped as a matter of law from denying its indemnity obligation due to its wrongful refusal to defend Second Nature.

**COUNT II**

44. Second Nature incorporates the contents of paragraphs 1 through 43.

45. For its answer to paragraph 45 of the Complaint, Second Nature states that the terms of the Accelerant Policy, written by Accelerant, speak for themselves.

46. For its answer to paragraph 46 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

47. For its answer to paragraph 47 of the Complaint, Second Nature states that the *Best* pleadings speak for themselves, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's coverage.

48. For its answer to paragraph 48 of the Complaint, Second Nature states that the allegations in the *Best* pleadings, which speak for themselves, triggered Accelerant's duty to defend, and that Accelerant had a duty to investigate the *Best* plaintiffs' allegations to determine whether there was a mere possibility of an outcome in *Best* that would fall within the Accelerant Policy's indemnity coverage.

49. For its answer to paragraph 49 of the Complaint, Second Nature denies that Accelerant does not have a duty to defend Second Nature in *Best*, and states that indemnity coverage under the Accelerant Policy cannot be determined until evidence is introduced at the trial of *Best*.

50. Second Nature denies the allegations of paragraph 50 of the Complaint, and states that Second Nature is entitled to a declaratory judgment that Accelerant has a duty to defend Second Nature in *Best.* The distinct issue of whether Accelerant has an indemnity obligation under the Accelerant Policy is not ripe, although Accelerant is estopped as a matter of law from denying its indemnity obligation due to its wrongful refusal to defend Second Nature.

**<u>DEFENSES</u>**

1. The Complaint fails to state a claim on which relief can be granted as to Accelerant's duty to indemnify Second Nature in *Best*.

2. Accelerant's request for a declaratory judgment on its duty to indemnify Second Nature in *Best* is not ripe.

3. Accelerant's breach of its duty to defend Second Nature in *Best* bars and estops Accelerant from denying indemnity coverage for the claims asserted against Second Nature in *Best.*

WHEREFORE, having stated its Answer and Defenses against Accelerant's Complaint, Second Nature respectfully asks that the Court:

1. Enter declaratory judgment that coverage is not barred by the alleged absence of an allegation of any negligent act, error or omission in *Best*, that Accelerant has a duty to defend Second Nature in *Best*, and that Accelerant is barred and estopped from denying indemnity coverage for the claims asserted against Second Nature in *Best*; and

2. Award Second Nature all further relief the Court deems just and equitable.

**COUNTERCLAIM**
**(Breach of Contract Against Accelerant and Lloyd's)**

1. Second Nature incorporates the contents of its Answer set forth above as if fully restated.

2. Second Nature brings this Counterclaim against Accelerant and Lloyd's pursuant to Rules 13(a), 13(h) and 20(a)(2) of the Federal Rules of Civil Procedure.

3. SNB is a Delaware corporation with its principal place of business in North Carolina.

4. SNI is a North Carolina limited liability company with its principal place of business in North Carolina. SNB is SNI's only member.

5. On information and belief, Accelerant is a domestic surplus lines insurer organized and existing under the laws of Arkansas, with its principal place of business in Georgia.

6. On information and belief, Lloyd's consists of a group of foreign subscribers to an insurance policy they sold to Second Nature that is a subject of this action (the "Lloyd's Policy"). A true copy of the Lloyd's Policy is attached as Exhibit A.

**Jurisdiction and Venue**

7. Subject matter jurisdiction is based upon 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District.

**Claim for Relief**
**(Breach of Contract)**

9. Second Nature was insured under the Accelerant Policy and the Lloyd's Policy at all times relevant to this action. Both the Accelerant Policy and the Lloyd's Policy were delivered to Second

Nature in Raleigh, North Carolina.

10. On April 29, 2024, a putative class of plaintiffs (the "Underlying Plaintiffs") sued Second Nature in *Best, et al. v. Second Nature Brands, Inc. et al.*, Case No. 1:24-cv-01799 (D.D.C.) ("*Best*"). On September 13, 2024, the Underlying Plaintiffs filed a First Amended Complaint in *Best*, which was substantially the same as the original Complaint. A correct copy of the First Amended Complaint, the currently operative pleading in *Best*, is attached to Accelerant's Complaint as Exhibit 4. (ECF 1-4.) The First Amended Complaint is hereinafter referred to as the *Best* Complaint.

11. Second Nature timely notified Accelerant and Lloyd's of *Best* shortly after the original Complaint was filed, and Second Nature tendered the defense of *Best* to Accelerant and Lloyd's.

12. By letter dated July 8, 2024, Accelerant wrongfully rejected Second Nature's tender of the defense of *Best*, and wrongfully disavowed any duty to defend or indemnify Second Nature.

13. By letter dated July 25, 2024, Lloyd's wrongfully rejected Second Nature's tender of the defense of *Best*, and wrongfully disavowed any duty to defend or indemnity Second Nature.

14. By wrongfully denying their respective duty to defend Second Nature in *Best*, Accelerant and Lloyd's forced Second Nature to defend itself.

15. Because the allegations against Second Nature in the *Best* Complaint create a possibility that one or more claims asserted against Second Nature in *Best* may fall within the coverage provided by the Accelerant Policy and the Lloyd's Policy, on August 30, 2024, Second Nature's undersigned counsel sent letters to counsel for Accelerant and to Lloyd's explaining why Accelerant and Lloyd's had a duty to defend Second Nature in *Best*, and asking that Accelerant and Lloyd's reconsider their wrongful denials of their duty to defend. Correct copies of the letters are attached as Exhibits B and C, and the contents of the letters are incorporated as if fully restated

herein.

16. The August 30, 2024 letters attached as Exhibits B and C warned Accelerant and Lloyd's that their failure to acknowledge their duty to defend at that time would estop Accelerant and Lloyd's from denying indemnity coverage, thereby obligating Accelerant and Lloyd's as a matter of law to pay the full amount of any settlement or judgment in *Best* up to the limits of the Accelerant Policy and the Lloyd's Policy.

17. Accelerant and Lloyd's maintained their wrongful refusals to acknowledge their duty to defend Second Nature in *Best*. This forced Second Nature to continue defending itself in *Best*, which Second Nature continues to do as of the date of this Counterclaim.

18. The Accelerant Policy and Lloyd's Policy are binding and enforceable contracts.

19. Second Nature has fulfilled all obligations and conditions under the Accelerant Policy and the Lloyd's Policy, such that Second Nature may bring and maintain this Counterclaim to recover all benefits and remedies under the Accelerant Policy, Lloyd's Policy and applicable law.

20. By denying its duty to defend under the circumstances described in paragraphs 11 through 16 above, Accelerant materially breached the Accelerant Policy. Accelerant's initial breach occurred on July 8, 2024, the date on which Accelerant wrongfully denied its duty to defend Second Nature in *Best*. (See Exhibit B.) Because of its material breach of the Accelerant Policy by wrongfully denying its duty to defend Second Nature in *Best*, Accelerant is estopped as a matter of law from denying indemnity coverage under the Accelerant Policy, thereby obligating Accelerant to pay the full amount of any settlement or judgment in *Best* up to the limits of the Accelerant Policy.

21. By denying its duty to defend under the circumstances described in paragraphs 11 through 16 above, Lloyd's materially breached the Lloyd's Policy. Lloyd's initial breach occurred on July

25, 2024, the date on which Lloyd's wrongfully denied its duty to defend Second Nature in *Best*. (*See* Exhibit C.) Because of its material breach of the Lloyd's Policy by wrongfully denying its duty to defend Second Nature in *Best*, Lloyd's is estopped as a matter of law from denying indemnity coverage under the Lloyd's Policy, thereby obligating Lloyd's to pay the full amount of any settlement or judgment in *Best* up to the limits of the Lloyd's Policy.

22. As a direct and proximate result of Accelerant's material breach of the Accelerant Policy and Lloyd's material breach of the Lloyd's Policy, Second Nature has incurred attorneys' fees and other expenses defending itself in *Best*. Accelerant and Loyd's are jointly and severally liable for all of Second Nature's past and future defense costs in an amount to be proven at trial, plus prejudgment interest from the dates of the initial breaches.

WHEREFORE, having stated its Counterclaim for breach of contract against Accelerant and Lloyd's, Second Nature respectfully asks that the Court:

1. Enter Judgment against Accelerant and Lloyd's, jointly and severally, for the amount of past and future defense costs incurred by Second Nature in defending itself in *Best*, in an amount to be proven at trial;

2. Enter Judgment against Accelerant and Lloyd's, jointly and severally, for prejudgment intertest at the applicable rate for defense costs incurred by Second Nature in defending itself in *Best*, in an amount to be proven at trial; and

3. Grant Second Nature all further relief the Court deems just and equitable.

**Jury Demand**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Second Nature demands trial by jury of all issues so triable.

This 16th day of May, 2025

/s/ R. Steven DeGeorge
R. Steven DeGeorge (admitted *pro hac vice*)
N.C. Bar No. 20723
sdegeorge@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON
600 S. Tryon Street, Ste 2300
Charlotte, NC 28202
Telephone: 704.377.8380

*Attorneys for Defendants/Counterclaim Plaintiffs Second Nature Brands, Inc. and Second Nature Insurance Services, LLC.*

‘
‘

**CERTIFICATE OF SERVICE**

The foregoing Answer and Counterclaim has been served on Accelerant's counsel of record using the Court's ECF System. In accordance with the agreement of Lloyd's counsel to accept service on behalf of Lloyd's, such service of the foregoing Answer and Counterclaim was made by email to bmargolies@kbrlaw.com

This 16th day of May, 2025

/s/ *R. Steven DeGeorge*
R. Steven DeGeorge