# EXHIBIT B

ROBINSON
BRADSHAW

August 30, 2024

SDeGeorge@robinsonbradshaw.com
704.377.8380 : Direct Phone

**(By Email)**

Marc E. Ridner, Esq.
Andrew G. Lipton, Esq.
Lavin Ridner Duffield LLC
3811 Frederica Road, Suite 201
Saint Simons Island, GA 31522
Email: mridner@lrd.law
Email: alipton@lrd.law

Re: Second Nature Brands, Inc./Policy No. S0004PL00191000/Claim No. 28-023880

Dear Messrs. Ridner and Lipton:

Our firm represents Second Nature Brands, Inc. ("Second Nature"). I write in response to your letter dated July 8, 2024. Therein, you stated the position of Accelerant Specialty Insurance Company ("Accelerant") regarding obligations under the referenced policy (the "Policy") for the lawsuit captioned *Best, et al. v. Second Nature Brands, Inc., et al.*, United States District Court, District of Columbia, Case No. 1:2024-cv-01799 (the "Lawsuit"). Second Nature disagrees with Accelerant's position, particularly the denial of its duty to defend. Second Nature respectfully requests that Accelerant reconsider and acknowledge its duty to defend the Lawsuit, even if the acknowledgement is subject to a reservation of rights.

Before turning to the grounds on which Accelerant relies, we note for context the principle under governing North Carolina law that an insurer's duty to defend is triggered where any allegation in a complaint, construed liberally, creates a "mere possibility" that the conduct alleged falls within a policy's coverage for any claim asserted. *Arch Specialty Ins. Co. v. Ferster Elec., LLC,* 2024 WL 1724773 at *4 (E.D.N.C. Apr. 22, 2024), *quoting Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 315 N.C. 688, 691 n. 2, 340 S.E.2d 374, 377 n.2 (1986). "Any doubts must be resolved in favor of the insured." *Certain Underwriters at Lloyd's, London v. Stock Building Supply, LLC*, 556 F.Supp.3d 559, 565 (E.D.N.C. 2021) (citation omitted). An insurer that denies its duty to defend under this liberal standard does so "at its own peril." *Imperial Cas. and Indem. Co. v. Radiator Specialty Co.,* 862 F.Supp. 1437, 1441 (E.D.N.C. 1994) (citation omitted). The consequences are harsh. "If it is later determined that the insurer breached its duty to defend, 'the insurer is estopped from denying coverage . . .'" *National Union Fire Ins. Co. of Pittsburgh, PA v. Intercoastal Diving, Inc.*, 2012 WL 1978291 at *3 (E.D.N.C. June 1, 2012), *quoting Pulte Home Corp. v. Am. Southern Ins. Co.*, 185 N.C.App. 162, 165, 647 S.E.2d 614, 617 (2007).

Accelerant acknowledges the Lawsuit constitutes a "claim" pertaining to "professional services" as these terms are used in the Policy. Accelerant nonetheless denies any obligation on two grounds. First, Accelerant asserts the Complaint is not based on any alleged "negligent act, error or omission." Second, Accelerant relies on Exclusion 1, which applies to claims of "false, deceptive or unfair trade practices, . . . or . . . deceptive or misleading advertising."



ROBINSON, BRADSHAW & HINSON, P.A. : robinsonbradshaw.com
Charlotte Office : 101 N. Tryon St., Ste. 1900, Charlotte, NC 28246 : 704.377.2536

---

Count I in the Complaint alleges that Second Nature, both directly and indirectly though the alleged acts and omissions of the other defendants, violated D.C. Code § 42-3502.11a.[1] This Code provision prohibits imposition of a mandatory fee for a service or facility without first obtaining approval pursuant to one of two other Code provision, §§ 42-3502.11 or 42-3502.15. Section 42-3502.11 allows the Rent Administrator to allow increased rent in proportion to an increase in the value of services or facilities. Section 42-3502.15 allows the Rent Administrator to approve a rent increase where the housing provider files with the Rent Administrator certain documents and information showing that a specified percentage of the tenants agreed to the proposed increase. Intentional conduct is not necessary to violate § 42-3502.11a, § 42-3502.11 or § 42-3502.15.

The alleged predicate acts and omissions underlying Second Nature's alleged failure to comply with § 42-3502.11a include assorted misrepresentations, failures to fulfill prescribed regulatory requirements, and failures to provide tenants certain information and documents. Because intentional wrongdoing is unnecessary, the alleged predicate acts underlying the alleged violation of § 42-3502.11a may consist, partially or entirely, of negligent acts or omissions. Indeed, "negligence" means an "inadvertent" act or omission "in the discharge of a legal duty." *Negligence, Black's Law Dictionary*, (11th ed. 2019). "Negligence" encompasses a spectrum of conduct ranging from simple negligence under the reasonable person paradigm to "gross negligence" and "recklessness." Notable here is the principle that an alleged "negligent misrepresentation" is actionable under District of Columbia law. *E.g., Falconi-Sachs v. LPF Senate Square, LLC*, 142 A.3d 550, 555 (D.C. App. 2016). Accelerant selected the term "negligent" and chose not to include it in the long list of terms defined in the Policy, so it must be construed broadly to maximize coverage.[2] Therefore, the plaintiffs may prevail on Count I based on, in the words of the Policy, "a negligent act, error, or omission." This, standing alone, triggers Accelerant's duty to defend.

Even if all of Second Nature's alleged conduct falls outside Accelerant's indemnity obligation for "negligent" acts, errors or omissions (which it does not), the Policy still requires Accelerant to pay Second Nature's "claim expenses."[3] Section VI.B.15 of the Policy addresses allegations of "alleged fraud, dishonesty, criminal conduct, or any knowingly wrongful, malicious, or intentional acts or omissions." Where a claim is based on such alleged conduct, § VI.B.15 requires Accelerant to "pay **claim expenses** until there is a final adjudication establishing such conduct, . . . " This independently defeats Accelerant's denial of its duty to defend.

---

[1] This letter focuses on Count I of the Complaint, because a duty to defend any claim obligates Accelerant to defend all claims. *E.g., Universal Underwriters Ins. Co. v. Lallier*, 334 F.Supp.3d 723, 734 (E.D.N.C. 2018) (citation omitted). We believe Count II likewise triggers Accelerant's duty to defend. We will explain Accelerant's duty to defend Count II, if you wish, but that should not delay acknowledgement of the duty to defend Count I and, therefore, the entire Lawsuit.

[2] Any ambiguity regarding the meaning of "negligent" as applied to Accelerant's duty to defend the Lawsuit must be resolved in favor of Second Nature, and against Accelerant. *Arch*, 2024 WL 1724773 at *5.

[3] The Policy defines "claim expenses" broadly to include "all reasonable and necessary fees, costs, and expenses (including fees of attorneys and experts) incurred in the investigation, defense, or appeal of a **claim**."

Based on the foregoing, Second Nature respectfully requests that Accelerant acknowledge its duty to defend the Lawsuit. Upon acknowledgement, Second Nature will provide invoices for past claim expenses, and cooperate with Accelerant in transitioning future invoices in accordance with Accelerant's instructions. If Accelerant reserves its right to deny an indemnity obligation under the Policy, we will consider whether the reservation creates a conflict entitling Second Nature to independent counsel to be paid by Accelerant.

This letter identifies reasons why Accelerant has the duty to defend the Lawsuit. It is not intended as an exhaustive statement of Second Nature's rights under the Policy, and otherwise. Second Nature reserves all such rights.

We look forward to your prompt and favorable reply.

Sincerely,

ROBINSON, BRADSHAW & HINSON, P.A.

R. Steven DeGeorge