**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ACCELERANT SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SECOND NATURE BRANDS, INC.; and SECOND NATURE INSURANCE SERVICES, LLC;<br><br>Defendants. | Case No.: 1:24-cv-03558-JMC |

**ACCELERANT SPECIALTY INSURANCE COMPANY'S STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT**

Pursuant to Local Civil Rule 7(h), Plaintiff Accelerant Specialty Insurance Company ("Accelerant") submits this Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment:

1. Accelerant issued Professional Liability Policy No. S0004PL00191000 (the "Policy") to Second Nature Brands, Inc. ("Second Nature Brands") for the **policy period** of May 2, 2023 to July 1, 2024. *See* Declaration of Bonnie Thompson in Support of Accelerant Specialty Insurance Company's Motion for Summary Judgment and Memorandum in Support ("Thompson Decl."), Ex. 1. Terms in bold are defined in the Policy.

2. The Policy's Insuring Agreement provides that

> **We** will pay up to the **per claim limit** for **damages** and **claim expenses** in excess of the **retention** for covered **claims** against **you** alleging a negligent act, error, or omission in **your professional services** performed on or after the **retroactive date** provided the **claim** is first made against **you** during the **policy period** and is reported to **us** in accordance with Section V. **Your** obligations.

*Id.*, Section II.

3. Section I provides that the following are the parties to the Policy:

> **A.** The Insurer identified on the Declarations as issuing this policy. When used in this policy, the terms **us**, **we** and **our** refers to the Insurer identified on the Declarations as issuing this policy, and
>
> **B.** An **Insured**. When used in this policy, the terms **you** and **your**, also refers to an **insured.**

*Id.*, Section I.

4. Section VI.B1 of the Policy provides that

> **We** will have no obligation to pay any sums under this policy, including any damages or claim expenses, for any claim:
>
> **1. Antitrust and deceptive trade practices**
>
> Based upon or arising out of any actual or alleged:
>
> **a.** False, deceptive, or unfair trade practices,
>
> **b.** Unfair competition, impairment of competition, restraint of trade, or antitrust violations,
>
> **c.** Violation of the Sherman Anti-Trust Act, the Clayton Act, the Robinson-Patman Act, all including as may be amended, or any similar federal, state, or local statutes, rules, or regulations in or outside the U.S., or
>
> **d.** deceptive or misleading advertising.

*Id.*, Section VI.B.1.

5. The Policy defines **claim** to mean

> any written assertion of liability or any written demand for financial compensation or non- monetary relief.

*Id.*, Section X.E.

6. The Policy defines **Professional services** to mean

> the services scheduled in Item **9.** of the Declarations that are provided by **you** to a third party for a fee or other consideration, including such services that are performed electronically using the Internet or a network of two or

more computers.

**Professional services** also includes:

1. The provision of **technology services** performed in conjunction with any other **professional services**,

2. Services as a member of a formal accreditation, ethics, peer review, standards, or licensing board, if performed with the knowledge and consent of the **Named Insured.**

*Id.*, Section X.S.

7. Item 9 of the Policy's Declarations provides that the specified **Professional Services** are "Residents' concierge services." *Id.*, Declarations, Item 9.

**The *Best* Action**

8. A class action complaint was filed against Second Nature Brands in *Best, et al. v. Second Nature Brands, Inc. et al.*, Case No. 1:24-cv-01799 (D.D.C.) (the "*Best* Action").

9. The *Best* Action initially was filed in the Superior Court for the District of Columbia on April 29, 2024, and was removed to the United States District Court for the District of Columbia on June 21, 2024.

10. On September 13, 2024, the Underlying Plaintiffs filed a First Amended Complaint ("FAC"). Thompson Decl., Ex. 2.

11. The *Best* Action is a putative class action filed by Elisabeth Best, Jenna Bucklew, Rachal Irias, and Cassandra Stephan (the "Underlying Plaintiffs"). *See id*.

12. In addition to naming Second Nature Brands as a defendant, the *Best* Action names Second Nature Insurance Services, LLC ("SNIS" and, together with Second Nature Brands, "Second Nature"), among others. *See id*.

13. SNIS is wholly owned by Second Nature Brands.

14. In the *Best* Action, the Underlying Plaintiffs allege that Second Nature set up a

"fraudulent scheme," creating a program for landlords and property managers that allows them to charge tenants mandatory fees in addition to monthly rent. *Id.* ¶ 2.

15. The Underlying Plaintiffs further allege that Second Nature designed the program to provide an "ancillary revenue opportunities" to landlords and property managers, enabling them to effectively push the costs of maintaining their properties to tenants. *Id.*

16. Moreover, the Underlying Plaintiffs allege that the program involves a "resident benefits package," for which tenants are required to pay mandatory fees to cover insurance, HVAC filters, and access to an online portal to pay rent. *Id.* ¶ 3.

17. The Underlying Plaintiffs also allege that the package does not actually benefit or provide any value to the residents, noting among other things that the insurance covered the landlords and property managers and that HVAC filters are the responsibility of the landlord under District of Columbia law (and, in any event, were never provided to plaintiffs). *Id.*

18. As to insurance, in particular, the Underlying Plaintiffs allege that they leased the property located at 1934 1st Street NW, Washington, DC, which burned down on August 28, 2023. *Id.* ¶ 6.

19. The Underlying Plaintiffs allegedly had been enrolled in the resident benefits package offered by Second Nature, for which they were charged $45.95 per month. The Underlying Plaintiffs allege that after the fire, they submitted an insurance claim and learned for the first time that the insurance provided through the benefits package "was not actually renter's insurance as had been represented to them," but rather a landlord/property management protection policy that included $10,000 of coverage for personal property total for the renters. *Id.* ¶¶ 6-7.

20. The Underlying Plaintiffs contend that because defendants had represented to them that the resident benefits package included renter's insurance, they did not obtain a separate

renter's insurance policy to cover their personal belongings. *Id.* ¶ 7.

21. The Underlying Plaintiffs assert a cause of action against all defendants for violation of D.C. Code § 42-350211a, which prohibits a housing provider from imposing unapproved mandatory service fees. *Id.* ¶¶ 60-65.

22. As to Second Nature, the Underlying Plaintiffs contend that Second Nature is directly liable under the statute and vicariously liable for enabling, aiding and abetting the landlords and property managers in violating the statute. *Id.* ¶ 63.

23. The Underlying Plaintiffs also assert a cause of action against all defendants for unlawful trade practices under the District of Columbia Consumer Protection Procedures Act ("DCCPA"). *Id.* ¶¶ 66-80.

24. For relief, the Underlying Plaintiffs seek on behalf of themselves and other similarly situated residential tenants unspecified compensatory damages, statutory damages, trebled damages, punitive damages and fees and costs, as well as certain injunctive relief. *Id.* ¶ 81.

**<u>The Coverage Dispute</u>**

25. Second Nature sought coverage from Accelerant under the Policy for the *Best* Action.

26. In correspondence dated July 8, 2024, Accelerant advised that no coverage was available for the *Best* Action for several reasons. Thompson Decl., Ex. 3.

27. First, Accelerant advised that, in the absence of an allegation of negligent conduct, the Policy's insuring agreement is not triggered by the *Best* Action.

28. Second, Accelerant advised that Exclusion B.1 barred coverage for the *Best* Action, as it precludes coverage for any claim "[b]ased upon or arising out of any actual or alleged . . . false, deceptive or unfair trade practices, . . . or . . . deceptive or misleading advertising."

29. Second Nature responded in a letter dated August 30, 2024, asking Accelerant to reconsider its position and arguing that Accelerant's duty to defend is triggered by the *Best* Action. Thompson Decl., Ex. 4.

30. Accelerant responded in a letter dated September 25, 2024, advising that it had considered the points raised in Second Nature's letter, as well as allegations asserted in the FAC, and advised that it had determined that its initial conclusion was correct and that the Policy does not afford coverage for the *Best* Action. Thompson Decl., Ex. 5.

Respectfully submitted, this 15th day of September, 2025.

*/s/ Bonnie J. Thompson*
Marc E. Rindner (D.C. Bar No.461250)
Bonnie J. Thompson (D.C. Bar No. 1028788)
LAVIN RINDNER DUFFIELD LLC
1717 K Street NW
Washington, DC 20006
mrindner@lrd.law
bthompson@lrd.law
(912) 266-8300

*Counsel for Accelerant Specialty Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on this date I have served the counsel listed below with a copy of the foregoing via CM/ECF:

Gregory L. Skidmore
R. Steven DeGeorge
Robinson, Bradshaw & Hinson, P.A.
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246

*Counsel for Second Nature Brands Inc. and Second Nature Insurance Services, LLC*

Bradley Strickland
KRAMON & GRAHAM, P.A.
750 E. Pratt Street
Suite 1100
Baltimore, MD 21202

*Counsel for Certain Subscribing Members at Lloyd's London to Policy SUABA3619-2302*

Respectfully submitted, this 15th day of September, 2025.

*/s/ Bonnie J. Thompson*

Marc E. Rindner (D.C. Bar No. 461250)
Bonnie J. Thompson (D.C. Bar No. 1028788)
LAVIN RINDNER DUFFIELD LLC
1717 K Street NW
Washington, DC 20006
mrindner@lrd.law
bthompson@lrd.law
(912) 266-8300

*Counsel for Accelerant Specialty Insurance Company*